## St. Louis Bridge Company

## v.

## Henry Schaub.

*Master and Servant—Driving upon Highway—Negligence of Servant— Injury to Team—Special Finding—Act of 1887 —Damages.*

1. It is negligence in the driver of a team to endeavor to pass another team going in the same direction where the roadway is so narrow as to render such act dangerous.

2. In the case presented, this court holds that a special finding by the jury was consistent with their verdict in behalf of plaintiff.

[Opinion filed January 10, 1889.]

APPEAL from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Messrs. KOERNER & HORNER, for appellant.

Messrs. ALEXANDER FLANNIGEN and R. A. HALBERT, for appellee.

The plaintiff was entitled to recover on the evidence of defendant's own driver. It is clear from all the evidence that the omnibus overtook plaintiff on the bridge and tried to pass him. If the driver saw that plaintiff's team was continually shying, he ought to have let plaintiff drive down the approach without trying to pass him; if defendant's servant saw, as he says he did, that it was shying all the way down the bridge approach, he ought not to have attempted to pass. But, if the plaintiff had not been on the bridge approach the injury would not have occurred. If defendant had not attempted to pass him it would not have occurred.

The jury did not specially find that the shying was the proximate cause of the accident, and they found generally that the negligence of defendant's servant was.

GREEN, P. J.   This suit was brought by plaintiff below to recover damages for an injury to his mule, alleged to have been occasioned by the negligence of defendant's servant. The jury found defendant guilty and assessed plaintiff's damages at $150.   Defendant's motion for a new trial was overruled.   Judgment was rendered on the verdict, and defendant took this appeal.

It appears from the evidence that on August 5, 1887, about 9 o'clock in the morning, plaintiff was driving his mule team down the south side of the east approach of the St. Louis bridge, and defendant's driver was driving a team attached to its omnibus, down in the same direction on the approach, and the wheel of the omnibus struck the foreleg of the off mule in plaintiff's team, tearing the flesh off the leg and crippling the animal.   But two persons witnessed the occurrence—the plaintiff and the driver of the defendant's team.   Plaintiff testified that as he was driving down the approach as near the south side as he could drive, his team walking; the omnibus team came up behind him on a slow trot, and, in passing, the fore wheel of the omnibus struck the hind foot of his off mule, and the mule turned over toward the omnibus, and the hind

St. L. Bridge Co. v. Schaub.

wheel then struck the mule's fore leg and injured it as above described.

The defendant's driver testified he was driving as close to the north side of the approach as he could, his team in a walk; that when his team and half the length of the omnibus had passed plaintiff's team, the off mule crowded over in front of the hind wheel of the omnibus and was thus struck and injured. Three witnesses, employes of defendant, testified plaintiff stated, in conversation with them or in their presence, he could not hold his near mule; it would shy, and shoved the other mule over on to the omnibus. The driver testified also that while on the bridge he saw plaintiff's team; it was crowding over all the way down the approach toward the omnibus; that he did not stop when he saw it crowding over, because he "did not want to get his omnibus busted up;" and it is quite probable from his testimony he was trying to pass plaintiff's team on the approach before and up to the time the mule was struck. If he saw the team acting in the manner he describes, he was guilty of negligence in attempting to pass and risking a collision he could have avoided by keeping in the rear until plaintiff drove off the approach. Taking all the evidence into consideration we are satisfied with the verdict, and think it ought not to have been set aside.

It is further suggested as a reason for reversing the judgment that the finding of the jury in answer to the second interrogatory submitted to them at the request of appellant should control the general verdict, and that the general verdict can not be reconciled with it. The act of 1887 provided "when the special finding of fact is inconsistent with the general verdict, the former shall control the latter, and the court may render judgment accordingly."

The second interrogatory and finding were as follows:

"Would the accident have occurred if the off mule of plaintiff's team had not shied from the guard rail and pushed the mule that was injured against the wheel of the omnibus?" Answer, "No."

We see nothing inconsistent with the general verdict in this finding. Notwithstanding the shying of the mule, no

accident would have occurred if defendant's servant had not been guilty of negligence in trying to pass plaintiff's team as he did, thus putting the omnibus in a position where a collision would be probable, and injury to the mule by being pushed over, likely to result. No sufficient reason appears for reversing the judgment of the City Court, and it is affirmed.

*Judgment affirmed.*